Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

Civil Division

| | | |
|---|---|---|
| Sandra Lopaz | ) | Case No. |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Jury Trial: *(check one)* ☐ Yes ☑ No |
| -v- | ) | |
| Stern & Eisenberg, PC;<br>Rushmore Loan Management Service, LLC | ) | |
| *Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Sandra Lopaz |
| Street Address | 1612 Washington Street |
| City and County | Cinnaminson, Burlington County |
| State and Zip Code | New Jersey 08077 |
| Telephone Number | 609-980-7784 |
| E-mail Address | vfardella70@verizon.net |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

    Name: Stern & Eisenberg, PC
    Job or Title (if known): Salvatore Corollo, Esq, Christopher Camporeale Esq, Justin Strauss
    Street Address: 1040 North Kings Highway, Suite 407
    City and County: Cherry Hill, Camden County
    State and Zip Code: New Jersey 08034
    Telephone Number: 609-397-9200
    E-mail Address (if known): scarollo@sterneisenberg.com

Defendant No. 2

    Name: Rushmore Loan Management Services, LLC
    Job or Title (if known): Michael Bennett, Asst Secretary
    Street Address: 1755 Wittington PlaceFarmers Branch, TX 75234
    City and County: Farmers Branch, Dallas County
    State and Zip Code: Texas 75234
    Telephone Number: 888-699-5600
    E-mail Address (if known):

Defendant No. 3

    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 4

    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question        [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

15 U.S.C. 1692-The Federal Debt Collection Practices Act

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
   and has its principal place of business in the State of *(name)* _____

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____

Sandra Lopaz alleges the following by way of this complaint against Stern & Eisenberg, PC (S&E) and Rushmore Loan Management Services LLC.(Rushmore). Stern & Eisenberg, PC and Rushmore Loan Management Services, LLC., are both debt collectors (EXHIBIT A).

1. Plaintiff's complaint is based on the Fair Debt Collection Practices Act, USC 1692 et seq. (FDCPA). The debt arose out of a transaction in which the money, property or services which are the subject of the transaction were primarily for personal, family, or household purposes, namely a refinance. The debt is a "debt" as defined by 15 U.S.C 1692.

2. On January 11, 2016 S&E filed a complaint for foreclosure to assist UMB Bank, National Association, Not In Its Individual Capacity, But Solely As Legal Title Trustee For MART Legal Title Trust 2015-NPL1 in foreclosing on my home. The declared date of default in The complaint is January 1, 2011.

3. On July 14, 2016 Salvatore Carollo, Esq, S&E, served discovery on me as Defendant in that case. Attached as discovery was a copy of my Original Note (EXHIBIT B-irrelevant pages omitted-ie 26 pictures of my mailbox). My Original Note is specifically endorsed to the Secretary of HUD-a non-party to the foreclosure litigation. Pursuant to 24 CFR 203.368 anytime a FHA Insurance Claim is paid and the title is not conveyed to HUD the Original Note is to be endorsed to HUD as well as the security instrument be assigned to HUD.

4. On July 26, 2016 Salvatore Carollo, Esq, S&E acknowledged, in the court record, that discovery was complete (EXHIBIT C).

5. On August 1, 2016 Salvatore Carollo Esq, S&E filed for Summary Judgment (EXHIBIT D). Attached to his Motion, labeled as his Exhibit A, was a copy of my Original Note which is just plain false evidence. He represented to Judge Dow that his Exhibit was a true copy of the Original Note. He lied to the tribunal and placed false evidence into my court record. A fact he has never disputed. He falsely failed to disclose that the copy of the Original Note he placed into the record, was not a true & correct copy of the original document *in it's current form*.

6. On October 27, 2016 Michael J. Reilly, Esq, S&E filed an Objection to my Motion for

Reconsideration. Mr. Reilly never corrected the record and the false evidence still remains. Mr. Reilly has since had the good sense to end his employment at S&E.

7. On November 7, 2016 Christopher Camporeale, Esq., S&E filed a Supplemental Brief, as per Judge Dow's Orders. Christopher Camporeale lied to the tribunal and placed the same false copy of the Original Note into the record (EXHIBIT E). He falsely failed to disclose that the copy of the Original Note he placed into the record, was not a true & correct copy of the original document *in it's current form.*

8. On July 21, 2017 Justin Strausser, S&E filed a Motion for Final Judgment and executed a Certification, pursuant to Rule 4:64-2 (d). Justin Strausser, Esq., S&E. Attached to Mr. Strausser's Certification was the same false copy of the Original Note. This Certification was executed under penalty of perjury.

9. On July 5, 2017 Michael Bennet, Assistant Secretary of Rushmore, executed a Certification under penalty of perjury, which contained false evidence attached (EXHIBIT F). He falsely failed to disclose that the copy of the Original Note he placed into the record, was not a true & correct copy of the original document *in it's current form.* He also claimed Rushmore to be due and owing amounts for Mortgage Insurance Premiums from 2009-2010 that were already reimbursed to JP Morgan Chase by the FHA Insurance Claim that was paid in 2013.

10. On December 7, 2017 Christopher Camporeale, Esq, S&E, filed letter brief to Object to my Motion for Emergent Relief. Mr Camporeale falsely represented to Judges Yannotti and Judge Carrol, of the New Jersey Appellate Division, and Judge Fiamingo of the Burlington County Chancery Division, that I as Appellate had never provided any discovery responses (EXHIBIT G-irrelevant pages omitted). This was a false statement as is evidenced by EXHIBIT B. Salvatore Carollo,Esq., S&E already acknowledged receipt of discovery. Mr. Camporeale also Indicated that his client has been in possession of the Original Note since September 9, 2014, which is an impossibility. The foreclosing Trust wasn't even formed until December 18, 2015 (EXHIBIT G).

11. On December 18, 2017 Salvatore Carollo, Esq., S&E, filed a Respondent Brief in the Appellate Division to assist his substituted Plaintiff. In his brief, Mr Carollo, Esq., falsely

represented to the Appellate Division that I as Appellate, never provided any discovery responses, which he already acknowledged in Exhibit B (EXHIBIT H-irrelevant pages omitted). Mr. Carollo also falsely indicated that that Mortgage at issue was not regulated by the Secretary of HUD-even though it is clearly a term of the contract.

12. Attached is a copy of the Final Judgment entered against the Plaintiff in the amount of $259,508.02 (EXHIBIT I).

13. All of the efforts by S&E to obtain Final Judgment and collect the debt, were false, misleading, and fraudulent because they repeatedly made false statements, under penalty of perjury, and attached evidence they knew to be false.

14. All of the statements by Rushmore to obtain Final Judgment and collect the debt, were false , misleading, and fraudulent because they made false statements, under penalty of perjury , and attached evidence they knew to be false. The "Original" documents attached to their certifications were not true copies of the Originals. Rushmore also claimed to be due and owing amounts for Mortgage Insurance Premiums from 2009-2010 that were already reimbursed to JP Morgan Chase by the FHA Insurance Claim that was paid.

15. All of the statements made by S&E and Rushmore were made to cover up the fact that my Original Note can never be endorsed beyond the Secretary of HUD. The Limited Power of Attorney executed by the Secretary of HUD expired May 1, 2015 (EXHIBIT J). The proper endorsements on my Original Note can never executed by the Secretary of HUD to the LVS Trust, from the LVS Trust to the MART Depositor Trust, and from the MART Depositor Trust to the Rushmore RMAC 2016-CTT Trust. The Secretary of Housing and Urban Development paid an FHA Insurance Claim attached to (Exhibit J) in 2013, which was the reason for executed the Limited Power of Attorney.

## FIRST CAUSE OF ACTION
## (VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Section 1692e of the FDCPA prohibits debt collectors from engaging in:

> The false representation of the *character* of the debt;
> The threat to take any action that cannot *legally* be taken;

       The false representation in order to disgrace the consumer;

       The use of any false representation or deceptive means to collect

       or attempt to collect the debt.

17. The continuation of S&E and Rushmore's false and misleading statements and evidence, constitutes a false representation of the *character* of the debt.

18. The foreclosure could not *legally* proceed, so S&E and Rushmore placed false evidence in the court record.

19. The false representation made to the Appellate Division was meant to *disgrace* me, as the Appellant.

20. By not correcting the evidence the attorneys at S&E, used deceptive means to attempt to collect the debt, in violation of RPC 3.3, RPC 3.4, RPC 4.1 and RPC 8.4.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE CONSUMER FRAUD ACT)

21. Plaintiff repeats the foregoing allegations as if set forth at length.

22. Plaintiff is a "person" as that term is defined in New Jersey's Consumer Fraud Act (CFA).

23. Each of the Defendants is a "person" as defined by N.J.S.A 56-1 upon whom liability is imposed under the CFA.

24. An "unlawful" practice is defined by N.J.S.A. 56:8-2 as the "use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation or the knowing concealment, suppression or omission, in *material fact* with the intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance f such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby. New Jersey courts have recognized that the CFA applies to mortgage loan servicers and their agents.

25. Defendants engaged in unlawful and unconscionable commercial practices, misrepresentations and the knowing concealment and omission of *material facts*. Defendants falsely represented that they had a legal right to collect upon the debt and falsely and

misleadingly failed to disclose material facts. What makes matters worse, they did all of this in a *New Jersey State Court.*

26. Each unconscionable commercial practice engaged in by Defendants constitutes a separate violation of the CFA.

27. Plaintiff was directly damaged by Defendant's violations of the CFA.

28. Defendants are liable to the Plaintiff for treble the amount of damages as a result of their unconscionable business practices and unlawful practices pursuant to the CFA. Defendants are also liable for reasonable attorney's fees, filing fees and court costs pursuant to the CFA.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a) All actual damages suffered pursuant to 15 U.S.C. 1692, including but not limited to the amount of the Final Judgment which includes the Defendants attorney fees;

(b) Statutory damages of $1000 for the violation of the FDCA pursuant to 15 U.S.C 1692;

(c) Treble damages plus attorney fees and court costs pursuant to the NJCFA;

(d) Punitive damages;

(e) Any other relief deemed appropriate by this Court.

_____
Sandra Lopaz, Plaintiff, Pro Se

2/10/18
Date

CERTIFICATION PURSUANT TO CIVIL RULE 11

I hereby certify that the matter in controversy is not subject to any other action pending in any Court, except to note that there is a pending Appeal in the New Jersey Appellate Division, Docket # A-000270-17, wherein the Plaintiff in this matter is Appealing the Final Judgment granted to U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT. The Sheriff Sale that was permitted by the writ of Execution took place December 7, 2017.

I hereby certify to the best of my knowledge, information and belief that this Complaint is not being presented for any improper purpose, is supported by existing law, the factual contentions have evidentiary support, and the Complaint otherwise complies wit the requirements of Rule 11.

I agree to provide the Clerk's Office, as wells as the Defendants with any changes to my address on file with the Clerk's Office.

*[signature]*

Sandra Lopaz, Plaintiff, Pro Se
1612 Washington Street
Cinnaminson NJ 08077
609-980-7784
Vfardella70@verizon.net

2/10/18
Date