## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**SANDRA LOPAZ**,

            Plaintiff,

       v.

**STERN & EISENBERG, PC**, et al.,

        Defendants

Civil Action Number:

1:18-CV-02136-RMB

### Notice to Pro Se Litigant Who Opposes a Rule 12 Motion
### Supported by Matters Outside the Pleadings

The defendants in this case have moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) or 12(c) of the Federal Rules of Civil Procedure, and have submitted additional written materials. This means that the defendants have asked the Court to decide this case without a trial, based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, **THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME** by filing sworn affidavits as required by Rule 56(c) and/or other documents. The full text of Rule 56 of the Federal Rules of Civil Procedure is attached.

In short, Rule 56 provides that you may **NOT** oppose the defendants' motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement

of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others.  You may submit affidavits that were prepared specifically in response to defendants' motion.

If you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by the defendants, the Court may accept defendants' facts as true. Your case may be dismissed and judgment may be entered in defendants' favor without a trial. If you have any questions, you may direct them to the Pro Se Office.

STERN & EISENBERG, P.C.

/s/Evan Barenbaum
Evan Barenbaum
1040 N. Kings Highway, Suite 407
Cherry Hill, NJ 08034-1925
ebarenbaum@sterneisenberg.com
(P) 609-397-9200
(F) 856-667-1456

**Federal Rules of Civil Procedure Rule 56**

**Rule 56. Summary Judgment**

**(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.**

**(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.**

**(c) Procedures.**

**(1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:**

**(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or**

**(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.**

**(2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.**

**(3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.**

**(4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.**

**(d)  When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;
**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

**(e)  Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

**(f)  Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

**(1)** grant summary judgment for a nonmovant;

**(2)** grant the motion on grounds not raised by a party; or

**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g)  Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h)  Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SANDRA LOPAZ**, <br><br> Plaintiff, <br> v. <br><br> **STERN & EISENBERG, PC**, et al., <br><br> Defendants | Civil Action Number: <br><br> 1:18-CV-02136-RMB |

       **PLEASE TAKE NOTICE**, that upon the memorandum of law in support of dismissal, the exhibits attached hereto, and upon the pleadings herein, Defendants Stern & Eisenberg, PC and Rushmore Loan Management Service, LLC (collectively "Defendants") will move this Court, before the Honorable Renee Marie Bumb, U.S.D.J. for an Order pursuant to Rule 12(b)(6) and 12(b)(1), dismissing all of Plaintiff claims against Defendants.

Dated:

                                          STERN & EISENBERG, P.C.

                                          /s/Evan Barenbaum
                                          Evan Barenbaum
                                          1040 N. Kings Highway, Suite 407
                                          Cherry Hill, NJ 08034-1925
                                          ebarenbaum@sterneisenberg.com
                                          (P) 609-397-9200
                                          (F) 856-667-1456

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SANDRA LOPAZ**, | Civil Action Number: |
| Plaintiff, | |
| v. | 1:18-CV-02136-RMB |
| **STERN & EISENBERG, PC**, et al., | |
| Defendants | |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

---

Evan Barenbaum
1040 N. Kings Highway, Suite 407
Cherry Hill, NJ 08034-1925
ebarenbaum@sterneisenberg.com
(P) 609-397-9200
(F) 856-667-1456

Attorneys for Defendants

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT…………………………………………………..........11

THE UNDERLYING FORECLOSURE CASE.................................................................12-14

ARGUMENT……………………………………………………………………...15-31

  POINT I:     STANDARD OF REVIEW……………………………………………15-16

  POINT II:   NEW JERSEY'S ENTIRE CONTROVERSY DOCTRINE BARS
              DEFENDANT'S CLAIM FROM BEING LITIGATED IN FEDERAL
              COURT………………………………………………………………17-20

  POINT III:    THE COMPLAINT MUST BE DISMISSED BECAUSE THE COURT
              LACKS SUBJECT MATTER JURISIDCTION PURSUANT TO THE
              ROOKER-FELDMAN DOCTRINE…………………………………..20-24

  POINT IV:    PLAINTIFF'S CLAIMS ARE BARRED BY COLLATERAL
              ESTOPPEL AND RES JUDICATA…………………………………24-29

    A.    Plaintiff's Claims are Barred by the Doctrine of Res Judicata…………...25-28

    B.    Plaintiff is Collaterally Estopped from Pursuing this Action…………….28-29

  POINT V:  PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF
             ACTION UNDER THE NEW JERSEY'S CONSUMER FRAUD ACT
             AND FAIR DEBT COLLECTION PRACTICES ACT…………….....29-31

CONCLUSION……………………………………………………………………31

**<u>TABLE OF AUTHORITIES</u>**

**Cases**

Accident Fund Ins. Co. v. PML Holdings Group, LLC, 2009 WL 4724804, *5,6
(N.J.Super.App.Div. Dec. 11, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

Accord Jacobowitz v. M&T Mortgage. Corp., 2010 WL 1063895 *2 (3d Cir. Mar.24, 2010) ...21

Adelman v. BSI Fin. Servs., Inc., ---A.3d---, 2018 WL 636756, at *1 (N.J.Super. Ct. App. Div.
Jan 31, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . .16

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15, 16

Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281,
296 (1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ...20

Ballentine v. United States, 486 F.3d 806, 808, 810 (3d Cir.2007) . . . . . . . . . . . . . . . . . . . . ..16

Baraka v. McGreevey, 481 F.3d 197, 211 (3d. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Barres v. Holt, Rinehart and Winston, Inc., 378 A.2d 1148, 1150 (1977) . . . . . . . . . . . . . . . . 17

Bell Atlantic Corp v. Twombly, 127 S.Ct. 1955, 1965 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . 15

Bennun v. Rutgers State Univ., 941 F.2d 154, 163 (3d Cir.1991) . . . . . . . . . . . . . . . . . . . . . ..17

Bernardsville Quarry v. Borough of Bernardsville, 929 F.2d 927; 930 (3d Cir. 1991) . . . . . . . 18

Cafferata v. Peyser, 597 A.2d 1101, 1103 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir.2000) . . . . . . . . .16

Church of Univ. Broth v. Farmington Tp. Sup'rs, 296 FedAppx. 285 (3rd Cir. Oct.20, 2008) . . 20

Cogdell v. Hosp. Ctr. at Orange, 560 A.2d 1169, 1172 (1989) . . . . . . . . . . . . . . . . . . . . . . . . ..17

CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999) . . . . . . . . . . .28

Delacruz v. Alfieri, 145 A.3d 695, 701 (N.J. Super. Ct. Law Div. 2015) . . . . . . . . . . . . . . . . 18

DiTrolio v. Antiles, 662 A.2d 494, 502 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .18

Dockery v. Cullen & Dykman, 90 F. Supp. 2d 233, 236 (E.D.N.Y. 2000) . . . . . . . . . . . . . . . 24

Duhaney v. Attorney General of U.S., 621 F.3d 340, 348 (3d Cir. 2010) . . . . . . . . . . . . . . . . 28

Exxon Mobil Corp. v. Saudi Basic Industries, Corp., 544 U.S. 280, 284 (2005) . . . . . . . . . . . .21

Feng Li v. Peng, 516 B.R. 26, 42 (D.N.J. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26, 27

Feng Li v. Peng, 136 S. Ct. 1189, 194 L. Ed. 2d 203 (2016) . . . . . . . . . . . . . . . . . . . . . . . . .26

Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 517 (D. Conn. 2015) . . . . . . .24

Gonzalez v. Deutsche Bank Nat'l Tr. Co., 632 Fed.Appx. 32 (2d Cir. 2016) . . . . . . . . . . . . . . 24

Great Western Mining & Mineral Co. v. Fox Rothchild, LLP, 615 F3d. 159, 166 (3d.Cir.2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21,22

Great W. Min. & Mineral Co. v. ADR Options, Inc., 882 F. Supp. 2d 749, 760 (D.N.J. 2012), aff'd, 533 F. App'x 132 (3d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25, 28

In re: Burlington Coat Factory Sec. Litiq., 114 F.3d 1410, 1420 (3d Cir. 1997) . . . . . . . . . . . . . ..15

In re Feng Li, 610 F. App'x 126 (3d Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

Lance v. Dennis, 546 U.S. 549 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

Leisure Technology–Northeast, Inc. v. Klingbeil Holding Co., 349 A.2d 96, 98 (1975) . . . . . . ..18

Lubrizol Corp v. Exxon Corp., 929 F.2d 960 (3d.Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . ..29

McLaughlin v. Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan, 2016 U.S. Dist. LEXIS 141840, at *10 (D.N.J. Oct. 13, 2016)……………………………………….....28,29

Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977) . . . . . . . . . . . .…15

Otto v. Wells Fargo Bank, N.A., 2016 U.S. Dist. LEXIS 92711, *4 (D.N.J. July 15, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15, 20

Parra v. Greenpoint Mortg., 2002 WL 32442231, *2 (E.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . ..24

<u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F2d. 1192, 1196 (3rd.Cir.1993) . . . . . . ..16

<u>Prevratil v. Mohr</u>,  678 A.2d 243 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

<u>Seville Indus. Machinery v. Southmost Machinery</u>, 742 F.2d 785, 791 (3d Cir.1984) . . . . . . . 30

<u>Siravo v. Countrywide Home Loan</u>, 349 Fed.Appx. 766 (3d Cir. 2009) . . . . . . . . . . . . . . . . . .23

<u>Swiatkowski v. Citibank</u>, 745 F.Supp.2d 150, 164-65 (E.D.N.Y. 2010) . . . . . . . . . . . . . . . . . .23

<u>Taliaferro v. Darby Township Zoning Bd.</u>, 458 F.3d 181, 192 (3rd.Cir.2006) . . . . . . . . . . . . . ..20

<u>Vossbrinck  v.  Accredited  Home  Lenders,  Inc.</u>, 773  F.3d 423, 427 (2d Cir. 2014) . . . . . . . . . .24

<u>Webster v. Wells Fargo Bank, N.A.</u>, 2009 WL 5178654, *5 (S.D.N.Y.  2009) . . . . . . . . . . . . . 23

<u>Webster  v.  Penzetta</u>,  458 Fed.Appx. 23 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**Statutes**

15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .31

15 U.S.C. § 1692k(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .31

<u>N.J.S.A.</u> 56:8-1 et seq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .30

**Rules**

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15, 30

Fed. R. Civ. P. 12(b)(1)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..11, 15

Fed. R. Civ. P. 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15, 25

N.J.C.R. 4:30A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..…17

N.J.C.R. 4:64-5. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . …18

Fed. R. Civ. P. 56...........................................................................................1

Defendants Stern & Eisenberg, PC and Rushmore Loan Management Service, LLC (collectively "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss the Plaintiff Sandra Lopaz's ("Plaintiff") Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## PRELIMINARY STATEMENT

Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) call for dismissal of this action, with prejudice, on mutually exclusive grounds.  First, the *Rooker-Feldman* doctrine mandates that federal district courts lack subject matter jurisdiction to engage in appellate review of state court determinations, which Lopaz fundamentally demands in her Complaint.  As more fully discussed below, the factual and legal predicates at issue in this matter have wound their way through the New Jersey Superior Courts and are the subject of a pending appeal [brought by Lopaz] with the Appellate Division.  Second, the entire controversy doctrine  also serves as a bar to Plaintiff's claims – for substantially the same reasons.

Therefore, Plaintiff's Complaint should be dismissed in its entirety, with prejudice.

### *The Underlying Foreclosure Case*

On January 11, 2016, UMB Bank, National Association, not in its individual capacity but solely as legal title trustee of MART Legal Title Trust 2015-NPL1("UMB") filed a foreclosure lawsuit in the Superior Court of New Jersey, Chancery Division, Burlington County, against the plaintiff in this case, Sandra Lopaz, in connection with a property known as 1612 Washington Street, Cinnaminson, New Jersey 08077, captioned, *UMB Bank, National Association, not in its individual capacity but solely as legal title trustee of MART Legal Title Trust 2015-NPL1 v. Sandra Lopaz, et al*., Docket No. F-001020-16. *See* Exhibit A. Lopaz filed a contesting Answer and Counterclaim. In Lopaz's Answer, the Eighth Affirmative Defense claims that the Plaintiff' lacks standing due to the various versions of the original note. *See* Exhibit B. Thereafter, parties engaged in discovery.

Plaintiff filed a notice of motion for leave to amend the Answer and Counterclaims. On May 27, 2016, the Honorable Paula T. Dow, P.J. Ch. granted UMB's motion. On June 14, 2016, Plaintiff filed an Amended Answer and Counterclaims. *See* Exhibit C. Lopaz's Amended Answer and Counterclaim again plead the affirmative defense that Plaintiff lacked standing due to the various versions of the original note.

UMB then moved for summary judgment and to strike Lopaz's Answer and Counterclaims. *See* Exhibit D. Ms. Lopaz opposed the motion for summary judgment, and in her pleading points to the validity of the note being enforced due to the different versions of the note being introduced. *See* Exhibit E. Oral argument on the Motion for Summary Judgment was held before the Honorable Paula T. Dow, P.J. Ch., wherein she reserved her ruling in order to thoroughly describe her reasons for the Court's decision. In the Court's issued opinion, the court

struck the Answer, dismissed Lopaz's Counterclaims with prejudice, and remanded the action to the Office of Foreclosure to proceed as uncontested. Judge Dow's opinion further recognized Lopaz's argument regarding the veracity of the indorsements on the Note, and nevertheless stated "Defendant's answer and arguments during the hearing failed to raise any effective contesting defense or counterclaims against the foreclosure matter." *See* Exhibit F.

Subsequently thereafter, Plaintiff filed a Motion for Reconsideration, wherein she again regurgitated the same esoteric defense regarding Plaintiff's inability to foreclose due to the alternate versions of the note. *See* Exhibit G. Plaintiff's Motion was opposed, and oral argument took place once again before Judge Dow. Following oral argument, she instructed the parties to provide supplemental briefs with regard to Lopaz's claim of invalidity concerning the assignments of mortgage in the chain of title. Following submission of supplemental briefs by Lopaz and UMB, Judge Dow entered an Order denying Lopaz's motion for reconsideration inclusive of detailed Statement of Reasons in her order. *See* Exhibit H.

Thereafter, a motion was filed to substitute then plaintiff UMB for U.S. Bank National Association, not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT ("US Bank").  Lopaz filed opposition providing the identical argument she had previously raised during the motion for summary judgment and motion for reconsideration. *See* Exhibit I. Judge Dow granted the motion, inclusive of detailed Statement of Reasons in her order. *See* Exhibit J.

Thereafter, Final Judgment and a Writ of Execution were entered on by the court, *see* Exhibit K, and the foreclosed property proceeded to sheriff's sale.

On September 26, 2017, Lopaz appealed the Final Judgment, the order granting Summary Judgment, and order denying her Motion for Reconsideration on the same principles as her previous arguments during the pendency of the litigation. *See* Exhibit L. Plaintiff a filed motion with the trial court to postpone the sheriff's sale pending the outcome of her appeal, raising the same arguments as she has consistently discussed throughout the entire foreclosure action. *See* Exhibit M. Following a hearing on the motion to stay the sheriff's sale, the Honorable Kathi F. Fiamingo, J.T.C. entered an Order denying her stay application. *See* Exhibit N. Subsequent to the Order being issued by the trial court, Plaintiff further filed an Order to Show Cause with the Appellate Court to postpone the foreclosure sale pending the outcome of her appeal. *See* Exhibit O. Defendants opposed the motion, and the Court issued an Order Denying Plaintiff's Order to Show Cause, on the basis that "defendant [plaintiff] has not shown a reasonable likelihood of success on the merits of her appeal from the order striking her defenses and granting summary judgment..." *See* Exhibit P. The sheriff's sale took place on December 7, 2017 and the property reverted back to U.S. Bank for a nominal bid of $100.00.

On February 14, 2018, Plaintiff filed this case. Plaintiff's appeal remains pending with the New Jersey Appellate Court.

## ARGUMENT

### POINT I          STANDARD OF REVIEW

When presented with a motion under both Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, the first issue is whether the Court has the subject matter jurisdiction necessary to consider the merits of the action. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). "Rule 12(b)(1) governs jurisdictional challenges to a complaint." Otto v. Wells Fargo Bank, N.A., 2016 U.S. Dist. LEXIS 92711, *4 (D.N.J. July 15, 2016).  These may be either facial or factual attacks." Id.  (citing 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007) and Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  "A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction."  Otto, 2016 U.S. Dist. LEXIS 92711, *4 (dismissing federal court complaint based on *Rooker-Feldman* doctrine where federal court lacked jurisdiction because borrowers had already litigated claims in state court).

A Motion to Dismiss pursuant to Rule 12(b)(6) may be granted when, accepting all well-plead allegations in the Complaint as true and reviewing them in the light most favorable to Plaintiff, plaintiff is not entitled to relief. In re: Burlington Coat Factory Sec. Litiq., 114 F.3d 1410, 1420 (3d Cir. 1997). However, "factual allegation must be enough to raise a right to relief above a speculative level." Bell Atlantic Corp v. Twombly, 127 S.Ct. 1955, 1965 (2007); see also. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (discussing plausibility standard).  In reviewing a factual

attack, "the Court is free to weigh the evidence and satisfy itself whether it has the power to hear the case…[N]o presumptive truthfulness attaches to plaintiff's allegations." <u>Carpet Group Int'l v. Oriental Rug Importers Ass'n</u>, 227 F.3d 62, 69 (3d Cir.2000).

"A pleading that offers 'label & conclusions' or 'a formulaic recitation it the elements cause of action will not do.'" <u>Ashcroft</u>. 129 S.Ct. at 1949. A Court is not "compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." <u>Baraka v. McGreevey</u>, 481 F.3d 197, 211 (3d. Cir. 2007); <u>see also</u>. <u>Ballentine v. United States</u>, 486 F.3d 806, 808, 810 (3d Cir.2007) ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation").

When deciding a Rule 12(b)(6) motion, a court may consider the Complaint, Exhibits attached to the Complaint, matters of public record, and undisputed authentic documents of the Plaintiff's claims are based upon those documents. <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F2d. 1192, 1196 (3rd.Cir.1993). However, while "a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." <u>Angstadt v. Midd-West Sch. Dist.</u>, 377 F.3d 338, 342 (3d Cir. 2004).

**POINT II      NEW JERSEY'S ENTIRE CONTROVERSY DOCTRINE BARS DEFENDANT'S CLAIM FROM BEING LITIGATED IN FEDERAL COURT**

Plaintiff's claims are barred by New Jersey's Entire Controversy Doctrine, because, as more fully discussed below, Plaintiff's claims are directly correlated with the material facts brought before state court, during the underlying foreclosure action.

New Jersey's entire controversy doctrine, as codified under New Jersey Court Rule 4:30A, permits the bar of a claim when the court finds that a claim not joined under the original action falls within the scope of the doctrine. The entire controversy doctrine compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal action. New Jersey's entire controversy doctrine "embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underling controversy." Cogdell v. Hosp. Ctr. at Orange, 560 *A*.2d 1169, 1172 (1989). However, application of the entire controversy doctrine is "equitable in nature" and based substantially on "judicial fairness," meaning that the Court must balance considerations of judicial efficiency as well as fairness to the litigants. Cafferata v. Peyser, 597 A.2d 1101, 1103 (1991). The entire controversy doctrine has evolved "to eliminate delay, prevent harassment of a party and unnecessary clogging of the judicial system, avoid wasting the time and effort of the parties, and promote fundamental fairness." Barres v. Holt, Rinehart and Winston, Inc., 378 *A*.2d 1148, 1150 (1977). The doctrine applies to "bar claims in a federal-court when there was a previous state-court action involving the same transaction." Bennun v. Rutgers State Univ., 941 F.2d 154, 163 (3d Cir.1991).

New Jersey courts have held that the primary consideration in determining if successive claims are part of the same controversy is whether the claims "arise from related facts or from the same transaction or series of transactions." <u>DiTrolio v. Antiles</u>, 662 A.2d 494, 502 (1995). "The [entire controversy] doctrine is a preclusionary device, intended to prevent fractionalized litigation by requiring the assertion of all claims arising from a single controversy in one action." <u>Accident Fund Ins. Co. v. PML Holdings Group, LLC</u>, 2009 WL 4724804, *5,6 (N.J.Super.App.Div. Dec. 11, 2009) (citing <u>Prevratil v. Mohr</u>, 678 A.2d 243 (1996)). It is a "commonality of facts, rather than [a] commonality of issues, parties, or remedies that defines the scope of the controversy." <u>DiTrolio.</u> at 504. The limits of the entire controversy doctrine with regards to foreclosure actions are narrower, as New Jersey Court Rule 4:64-5 requires that only "germane" counterclaims may be joined in a foreclosure action. Claims are considered to be germane to a foreclosure action if they arise out of the mortgage that is the basis of the foreclosure action. <u>Leisure Technology–Northeast, Inc. v. Klingbeil Holding Co.</u>, 349 A.2d 96, 98 (1975); <u>see also</u>. <u>Delacruz v. Alfieri</u>, 145 A.3d 695, 701 (N.J. Super. Ct. Law Div. 2015) ("There is no doubt that the entire controversy doctrine applies to foreclosure proceedings, but only to claims that could have been filed in the foreclosure action, that is, only to claims that were germane to the foreclosure proceeding"). Therefore, the entire controversy doctrine precludes not only claims which were actually brought in previous litigation, but also claims that could have been litigated in the previous litigation. <u>Bernardsville Quarry v. Borough of Bernardsville</u>, 929 F.2d 927; 930 (3d Cir. 1991); <u>see also</u>. <u>Adelman v. BSI Fin. Servs., Inc.</u>, ---A.3d---, 2018 WL 636756, at *1 (N.J.Super. Ct. App. Div. Jan 31, 2018)("[a] defendant in a

foreclosure case may not fail to diligently pursue a germane defense and then pursue a civil case against the lender alleging fraud by foreclosure.").

In the case at bar, Plaintiff's alleged claims of fraud stem directly from actions taken by the parties during the foreclosure action. The basis for Plaintiff's claims that the Defendants somehow defrauded the Court at every opportunity, directly correlate to a cause of action that should be filed within the state court foreclosure action. Moreover, Plaintiff fails to recognize that the loan documents presented to the court, and more specifically Plaintiff's claims that there were various copies of the note, had been discussed and argued before the Honorable Paula T. Dow, P.J.Ch. and accepted as true. Judge Dow's opinion with regards to Plaintiff's Motion for Reconsideration, specifically states,

> *Although Defendant argues that there are two version of the Note, and has presented same to the court, the court finds it is not uncommon for come copies of the note to lack subsequent endorsements.* Defendant produces on Note endorse in Blank, and one Note that is endorsed consistently with the Assignments of Mortgage up to the transfer to HUD. Although the Note is not endorsed beyond the transfer to HUS, in light of the subsequent recorded assignments of the Mortgage, Defendant has not proved that Plaintiff is not also the holder of the note…Even if the disparities in the Note were given weight, Plaintiff has demonstrated a clean chain of assignments of the Mortgage from MERS as nominee for Freedom Mortgage to Plaintiff. *The court finds, even in reconsidering the proofs laid before it, that Plaintiff has standing to bring the foreclosure action*.

*See* Exhibit H (emphasis added).

Plaintiff's claims that Defendants defrauded the Court during the course of the foreclosure process are without merit. Upon Defendants filing of the Final Judgment in foreclosure, Plaintiff should have brought her state law fraud claims forward as the proofs presented to the state court is directly intertwined to Plaintiff receiving Final Judgment in the underlying foreclosure action. As such, the present venue for Plaintiff's cause of action should be

dismissed under the entire controversy doctrine, as the doctrine bars against germane claims, counterclaims and defenses that could have been brought in the prior foreclosure proceedings.

> **POINT III   THE COMPLAINT MUST BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION PURSUANT TO THE ROOKER-FELDMAN DOCTRINE**

Plaintiff's claims are barred by *Rooker-Feldman* Doctrine, because, as more fully discussed below, would require this Honorable Court to review and reject a valid state court final judgment.

Defendants respectfully request that this Court dismiss Plaintiff's Complaint because this Court lacks subject matter jurisdiction to grant the relief requested therein. The party asserting the subject matter jurisdiction bears the burden of proving that it exists. Church of Univ. Broth v. Farmington Tp. Sup'rs, 296 FedAppx. 285 (3rd Cir. Oct.20, 2008).

This Court has recently observed that a "federal district court does not sit to hear appeals from state court judgments." Otto v. Wells Fargo Bank, N.A., 2016 U.S. Dist. LEXIS 92711, *5. "*Rooker–Feldman* operates to prevent a disgruntled party in state court litigation from collaterally attacking the results of that litigation in federal court, claiming constitutional or other error." *Id.* The "*Rooker-Feldman* Doctrine" is a statutory-based doctrine which stands for the proposition that "lower federal courts possess no power whatsoever to sit in direct review of state court decisions." Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970). Under the *Rooker-Feldman* Doctrine, a federal district court lacks subject matter jurisdiction, "if relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Township Zoning Bd., 458 F.3d 181, 192

(3rd.Cir.2006). The Supreme Court held that the *Rooker-Feldman* Doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court reviews and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries, Corp., 544 U.S. 280, 284 (2005). In effect, the doctrine precludes lower federal courts from exercising appellate jurisdiction over final state court judgments. Lance v. Dennis, 546 U.S. 549 (2006).  The Court in Great Western Mining & Mineral Co. v. Fox Rothchild, LLP, 615 F3d. 159, 166 (3d.Cir.2010), elaborated that four (4) requirements must be met for the *Rooker-Feldman* doctrine to apply. The Court stated, (1) The federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was rendered prior to the initiation of the federal suit filed; and (4) the plaintiff is inviting the federal district court to review and reject the state court judgment. New Jersey law is clear that the foreclosure judgment is a final judgment. As long as there existed a final judgment, at the time the complaint was filed, *Rooker-Feldman* may apply. Accord Jacobowitz v. M&T Mortgage. Corp., 2010 WL 1063895 *2 (3d Cir. Mar.24, 2010). As such, the *Rooker-Feldman* doctrine is indisputably applicable under the present circumstances.

The first and third requirements of the doctrine, which are procedural in nature are indisputably satisfied in this case. Here, not only did Plaintiff lose the underlying foreclosure action in state court (*See* Exhibits F, H, J, N, and P), but the state court's judgment was granted prior to commencement of the instant action. As the procedural requirements of the doctrine have been met, the doctrine turns on whether the second and fourth substantive requirements are met.

A review of the Plaintiff's Complaint makes clear that the substantive requirements of *Rooker-Feldman* are also met here. Here, Plaintiff complains of injuries resulting from the actions of Plaintiff in procuring a final judgment in the state court foreclosure action. *See* Complaint.  The case at bar is distinguishable from <u>Great Western Mining & Mineral Co. v. Fox Rothchild, LLP</u>, 615 F3d. 159 (3d.Cir.2010). In <u>Great Western Mining & Mineral Co. v. Fox Rothchild, LP</u>, the court affirmed that the District Court retained jurisdiction over the matter as the cause of Plaintiff's injuries were independent and would not cause a review and rejection of the state court judgment. Here, Plaintiff's injuries are not independent claims, but are derived from the fundamental principles of the foreclosure action, more specifically the validity of the underlying debt. Plaintiff injuries stems from what she perceives a false, misleading, and fraudulent representation of the evidence presented to the Court. Plaintiff fails to acknowledge that she had already previously litigated her claim regarding the authenticity of the Note during the pendency of the litigation of the state court action before the Honorable Paula T. Dow, P.J.Ch.  Plaintiff further ignores the facts that Defendants represented to the Court that the original note was in Defendant's possession and that Plaintiff had an opportunity to examine the original promissory, but failed to do so. Moreover, as discussed in Judge Dow's opinion,  the court  made clear t h a t  "[*A]lthough Defendant argues that there are two version of the Note, and has presented same to the court, the court finds it is not uncommon for come copies of the note to lack subsequent endorsements."  See* Exhibit H (emphasis added). Subsequently after Judge's Dow issuance of her opinion on Plaintiff's Motion for Reconsideration, Defendant was correct in moving forward with having a valid final judgment in foreclosure entered on the merits. If the allegations in Plaintiff's complaint are accepted as

true, this Honorable Court would thus be reviewing the merits upon which the final judgment in foreclosure was entered, and additionally be asked to reject the state court judgment. Therefore, the relief requested by Plaintiff cannot be granted absent this Court's review and rejection of the state court foreclosure judgment, which is beyond the jurisdiction of this Honorable Court. Accordingly, the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to hear this case and this Court should dismiss this Complaint against all Defendants.

It should be noted that federal courts have consistently applied the *Rooker-Feldman* doctrine in similar circumstances where mortgagors file suit subsequent to a state court's issuance of an adverse judgment of foreclosure.  When faced with similar suits, "[c]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." Webster v. Wells Fargo Bank, N.A., 2009 WL 5178654, *5 (S.D.N.Y. 2009) (internal quotation marks omitted), *aff'd sub nom.* Webster v. Penzetta, 458 Fed.Appx. 23 (2d Cir. 2012); See also. Siravo v. Countrywide Home Loan, 349 Fed.Appx. 766 (3d Cir. 2009)(Court denied Defendant's challenge to reexamine a state court's refusal  to vacate a settled foreclosure-related action).

Furthermore, to the extent that Plaintiff relies on his bald, conclusory, and self-serving claim that the judgment of foreclosure was allegedly procured by fraud, such contention is incapable of defeating the application of *Rooker-Feldman*. See e.g. Swiatkowski v. Citibank, 745 F.Supp.2d 150, 164-65 (E.D.N.Y. 2010) (finding that *Rooker-Feldman* applied to allegations that the defendants engaged in a pattern of submitting fraudulent and perjurious documents related to the judgment of foreclosure and sale in other courts and that the

allegations and relief sought were "inextricably intertwined with the state court judgment and would require overturning the state court judgment"); Parra v. Greenpoint Mortg., 2002 WL 32442231, *2 (E.D.N.Y. 2002) (holding that "[t]he fact that [a] plaintiff alleges that a state court judgment was procured by fraud does not remove [the] claim from the ambit of Rooker-Feldman"); Dockery v. Cullen & Dykman, 90 F. Supp. 2d 233, 236 (E.D.N.Y. 2000) (confirming that the federal court lacked jurisdiction over plaintiff's claim that the judgment of foreclosure was obtained by fraud); see also. Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 517 (D. Conn. 2015) (discussing that "[e]ven if the state court judgment as wrongly procured, it is effective and conclusive until it is modified or reversed in the appropriate State appellate or collateral proceeding." (internal quotation marks omitted)), aff'd sub nom. Gonzalez v. Deutsche Bank Nat'l Tr. Co., 632 Fed.Appx. 32 (2d Cir. 2016).

Simply, Plaintiff impermissibly asks this Court "to determine whether the state judgment was wrongfully issued in favor of parties who, contrary to their representations to the [State] [C]ourt, lacked standing to foreclose." Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014). Thus, pursuant to the Rooker-Feldman doctrine, Plaintiff's Complaint must be dismissed as an improper collateral attack on the state court's judgment. Clearly Plaintiff should not now be allowed to pursue relief in this Court which could be, or have been, obtained in the state court proceedings.

## POINT IV:   PLAINTIFF'S   CLAIMS   ARE   BARRED   BY *COLLATERAL ESTOPPEL* AND *RES JUDICATA*

Plaintiff's claims are additionally barred under the doctrines of *res judicata* (claim preclusion) and *collateral estoppel* (issue preclusion) as Plaintiff improperly seeks to re-litigate claims and issues that were raised, or could have been raised, in the prior state court foreclosure action and were necessarily addressed and decided by the state court in its issuance of the foreclosure judgment.

Federal Rules of Civil Procedure 12(b)(6) is grounds for a motion to dismiss for failure to state a claim pursuant. "*Res judicata* encompasses two preclusion concepts—issue preclusion, which forecloses litigation of a litigated and decided matter often referred to as direct or collateral estoppel, and claim preclusion, which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit." Great W. Min. & Mineral Co. v. ADR Options, Inc*.*, 882 F. Supp. 2d 749, 760 (D.N.J. 2012), *aff'd*, 533 F. App'x 132 (3d Cir. 2013).

### A.  Plaintiff is Collaterally Estopped from Pursuing this Action

Collateral estoppel "prevents parties or their privies from re-litigating an issue if a court possessing personal and subject matter jurisdiction has already delivered a valid, final judgment on the merits." Great W. Min. & Mineral Co. v. ADR Options, Inc., 882 F. Supp. 2d 749, 760 (D.N.J. 2012), *aff'd*, 533 F. App'x 132 (3d Cir. 2013).

"The doctrine applies if four requirements are met:  (1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." Id*.*  Similar to *res judicata*, "the purpose of the collateral estoppel

doctrine is to promote judicial consistency, encourage reliance on court decisions, and protect defendants from being forced to repeatedly re-litigate the same issues in multiple lawsuits." Id. at 760. Here, collateral estoppel applies and bars all of Plaintiff's claims.

First, as noted above, *supra*, the factual allegations supporting each of Plaintiff's claims in the present Complaint are precisely the same factual allegations previously litigated in state court. "In deciding the identity of issues, this Court "should consider whether there is substantial overlap of evidence or argument in the second proceeding; whether the evidence involves application of the same rule of law; whether discovery in the first proceeding could have encompassed discovery in the second; and whether the claims asserted in the two actions are closely related." Feng Li v. Peng, 516 B.R. 26, 42 (D.N.J. 2014), *aff'd sub nom.* In re Feng Li, 610 F. App'x 126 (3d Cir. 2015), *cert. denied sub nom.* Feng Li v. Peng, 136 S. Ct. 1189, 194 L. Ed. 2d 203 (2016). In the state court proceedings, Plaintiff's admits to the execution of Note and Mortgage at the time of origination, and the subsequent Loan Modification entered into in November 2010 (*See* Exhibits B and C); however, Plaintiff's main point of contention was standing. Plaintiff's claim was that standing could not be conferred upon the foreclosure plaintiff, due to the existence of various versions of the note, and therefore, the evidence should be characterized as false. *See* Exhibits B and C. This is precisely the same issue that Plaintiff avers to support her claims for all of her current claims against the Defendants before this Court.

Second, the issues herein were already fully litigated. The "actually litigated" standard is "satisfied when a party had the opportunity to present his evidence to a competent tribunal." Feng Li, 516 B.R. at 45. During the pendency of the state court action, Plaintiff diligently

defended her position by filing of an answer with counterclaims, exchanging paper discovery, filing numerous motions and oppositions, and attending oral arguments.  After reviewing both sides' arguments and evidence, the state court granted summary judgment in favor of the foreclosing plaintiff, and denied the requested relief of Ms. Lopaz.  Thus, there is no argument that these claims were not fully litigated.

Third, it is well settled that "the Third Circuit, relying on the Second Restatement of Judgments, has held that 'for the purposes of issue preclusion . . . 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive [effect]." Feng Li, 516 B.R. at 46 (finding summary judgment constitutes a final judgment to evoke collateral estoppel).  In the case at bar, the state court order was a final judgment because it terminated the claims at hand – after summary judgment was entered and Plaintiff's Motion for Reconsideration was denied. The state court recognized that the foreclosing plaintiff had standing to bring the suit, and that it was possession of the note and mortgage. Thus, all prior issues in the previous action were correctly adjudicated and final judgment was properly entered.

Fourth, the state court's review of the loan documents was essential to the final determination to enter summary judgment, and final judgment in the state court action.  "Under the generally accepted meaning of the term, a fact may be deemed essential to a judgment where, without that fact, the judgment would lack factual support sufficient to sustain it." Feng Li, 516 B.R. at 47. The state court's entry of summary judgment in favor of the foreclosing plaintiff was based on the supporting evidence presented in connection with the oral argument and Ms. Lopaz's failure to present any evidence of substance that would defeat the foreclosing

plaintiff's right to foreclose. The state court ruled in favor of the foreclosing plaintiff, and in their findings, explained that the foreclosing plaintiff was in possession of the original note and had standing to pursue the foreclosure proceeding. The state court did not find Plaintiff's arguments convincing and found no evidence of the foreclosing plaintiff's wrongdoing. Plaintiff is impermissibly attempting to re-litigate this matter, on the very same allegations of fraud which were previously raised and rejected in the state court action. The state court's full consideration of all evidence was essential to its decision to enter Summary Judgment, deny Plaintiff's Motion for Reconsideration, and enter Final Judgment in foreclosure.

Accordingly, Plaintiff's claims are barred by collateral estoppel, the Defendants' Motion should be granted and the Complaint should be dismissed.

**B. Plaintiff Claims Are Barred By Claim Preclusion**

"Res judicata, or claim preclusion, is a broader doctrine than collateral estoppel." Great W. Min. & Mineral Co. v. ADR Options, Inc., 882 F. Supp. 2d 749, 760 (D.N.J. 2012). "It applies not only to claims brought in a previous lawsuit, but also to claims that could have been brought in that suit." Id. (citing CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999)).

Claim preclusion attaches if there has been: (1) a final judgment on the merits in a previous lawsuit involving: (2) the same parties or their privies; and (3) a subsequent action based on the same cause of action." Great W. Min. & Mineral Co., 882 F. Supp. 2d at 760. "[T]he focus of the inquiry is 'whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation

required to prove such allegations were the same.'" Id. at 762 (quoting Duhaney v. Attorney General of U.S., 621 F.3d 340, 348 (3d Cir. 2010)).

"The Third Circuit has stated that summary judgment is a final judgment on the merits for the purposes of res judicata. McLaughlin v. Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan, 2016 U.S. Dist. LEXIS 141840, at *10 (D.N.J. Oct. 13, 2016).  "Additionally, the fact that a judgment has been appealed does not affect the finality of the judgment for purposes of res judicata." Id.

The *res judicata* analysis is similar to the analysis above regarding issue preclusion, as a facial comparison of the factual allegations in the Complaint makes clear that the allegations are nearly identical. The foreclosure was contested and the issues detailed in Plaintiff's complaint were already previously decided upon by the state court. It is clear that the doctrine of *res judicata* is applicable and Plaintiff cannot again try to challenge the state court judgement or the documents supporting the entry of the judgment. The judgment is a final judgment on the merits. The underlying foreclosure action involved the same parties or its privies, and the last element regarding the causes of action are the same. The Courts look toward the "essential similarity of the underlying events giving rise to the various legal claims." Lubrizol Corp v. Exxon Corp., 929 F.2d 960 (3d.Cir.1991). This principle is "in keeping with the trend of requiring that a part present all claims for relief arising out of the same occurrence or transaction in one suit." Lubrizol, supra at 963. The Plaintiff has attempted at every opportunity to invalidate the mortgage documents in the foreclosure action, where the documents were found to be valid and the basis for the entry of final judgment. As such, the claims made by Plaintiff should be barred by *res judicata*.

**POINT V:   PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER THE NEW JERSEY'S CONSUMER FRAUD ACT AND FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff's claims are barred under New Jersey's Consumer Fraud Act and Fair Debt Collection Practices Act, because, as more fully discussed below, Plaintiff's allegations of fraud committed by the Defendants, cannot be substantiated and were previously addressed by the trial court, thus no injury to the Plaintiff was caused by the Defendants action.

Under Federal Rules of Civil Procedure 9(b), a complaint alleging fraud must be pleaded with particularity. The purpose of this requirement is to insure that a plaintiff has a substantial basis for bringing an action in fraud before making such a charge, thereby protecting defendants from spurious but nonetheless damaging accusations of duplicity.  Seville Indus. Machinery v. Southmost Machinery, 742 F.2d 785, 791 (3d Cir.1984). The rule also insures that the defendant is put on notice as to the precise misconduct with which he or she is charged. Id. To establish a cause of action under New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1 et seq., proof of three elements are required: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. The Act specifically references "fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact." Id.

Plaintiff has failed to comply with Fed.R.Civ.P. 9 because the Complaint only makes vague and conclusory allegations of fraud and the use of fraudulent documents. Defendant fails to take into account that the state court had previously reviewed the loan documents and accepted them to be true, when the state court opined their decision on the foreclosing plaintiff's

Motion for Summary Judgment; and again finding no fraud in the when deciding the Motion for Reconsideration filed by Ms. Lopaz, and the foreclosing plaintiff's response and supplemental briefs. As such, when the foreclosing plaintiff moved for the entry of Final Judgment in foreclosure, the court had already established that the documents previously provided during the litigation were both accurate and valid in determining the foreclosing plaintiff's standing to foreclose. Consequently, Plaintiff fails to meet the essential elements under New Jersey's Consumer Fraud Act, <u>N.J.S.A.</u> 56:8-1 et seq., that there was a "unlawful and unconscionable commercial practice, misrepresentation and the knowing concealment and omission of material facts," as the Court had already reviewed and approved the matter to move forward with the proofs proffered.

A claim for a violation of the FDCPA must be brought "within one year from the date on which the violation occurs." 15 <u>U.S.C.</u> § 1692k(d).  Furthermore, only a "debt collector" is barred from using false statements to collect a debt under the FDCPA. 15 <u>U.S.C.</u> § 1692e. However, Plaintiff fails to make any factual allegations showing that any of the Defendants are debt collectors.  Instead, Plaintiff's Complaint, again evidences only her misunderstanding of the relevant case law and facts that determined that the "false representation" of documents, was not in fact a false representation at all. Accordingly, Plaintiff's claims under the New Jersey Consumer Fraud Act and Fair Debt Collection Practices Act should be dismissed with prejudice.

## **<u>CONCLUSION</u>**

For all of the foregoing reasons, Defendants respectfully requests that this Court

Dismiss Plaintiff's Complaint with prejudice.


STERN & EISENBERG, P.C.

By: <u>/s/Evan Barenbaum</u>
     Evan Barenbaum, Esq.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**SANDRA LOPAZ**,

       Plaintiff,

  v.

**STERN & EISENBERG, PC, et al.,**

     Defendants

Civil Action Number:

1:18-CV-02136-RMB

### CERTIFICATION OF SERVICE

     I, Evan Barenbaum, Esquire, on this 12th day of April, 2018, being duly sworn according to law, depose and say that a true and correct copy of a Motion to Dismiss was served upon all parties via ECF, and as follows:

Sandra Lopaz
1612 Washington Street
Cinnaminson, NJ 08077

                      STERN & EISENBERG, PC

            BY:   /s/Evan Barenbaum
                      Evan Barenbaum, Esquire
                      *Attorney for Defendants*