IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SANDRA LOPAZ,<br><br>    Plaintiff,<br><br>    v.<br><br>STERN & EISENBERG, P.C. and RUSHMORE LOAN MANAGEMENT SERVICES, LLC,<br><br>    Defendants. | Civil No. 18-2136 (RMB/JS)<br><br>**OPINION** |

APPEARANCES:

SANDRA LOPAZ, pro se
416 Division Street
Cinnaminson, New Jersey 08077


STERN & EISENBERG, P.C.
By: Evan Barenbaum, Esq.
1581 Main Street, Suite 200
Warrington, Pennsylvania 18976
    *Attorneys for Defendants*


**BUMB**, UNITED STATES DISTRICT JUDGE:

    *Pro se* plaintiff, Sandra Lopaz, brings this suit alleging that Defendants committed a fraud upon the court when they obtained a judgment of foreclosure upon Lopaz's property based upon allegedly false evidence. The Amended Complaint asserts the following claims: (1) violation of the Fair Debt Collection

1

Practices Act, "FDCPA," 15 U.S.C. § 1692 et seq., (2) violation of the New Jersey Consumer Fraud Act, "NJCFA," N.J.S.A. § 56:8-1 et seq. (3) "fraudulent concealment / spoliation", and (4) fraud.[1]  Defendants bring the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) seeking dismissal of this suit.  For the reasons stated herein, the motion will be granted.

I. **FACTUAL BACKGROUND**

The Amended Complaint alleges the following facts.  "On January 11, 2016, [Defendant Stern & Eisenberg] filed a complaint for foreclosure" on behalf of its client, "UMB Bank, National Association."  (Amend. Compl. ¶ 2)  "On August 1, 2016 [Stern & Eisenberg] filed for Summary Judgment.  Attached to [the] Motion . . . was a copy of [Lopaz's] Original Note which is just plain false evidence.  [Stern & Eisenberg] represented to [the foreclosure judge] that this Exhibit was a true copy of the Original Note.  [Stern & Eisenberg] lied to the tribunal and placed false evidence into [the] court record."  (Id. ¶ 5)

"On November 7, 2016 [Stern & Eisenberg] filed a Supplemental Brief . . . and placed the same false copy of the Original Note into the record."  (Amend. Compl. ¶ 7)

---

[1] The Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  It is unclear whether the parties are completely diverse.

"On July 5, 2017 Michael Bennet, Assistant Secretary of [Defendant] Rushmore [Loan Management Services] executed a Certification under penalty of perjury [entitled 'Mortgage Foreclosure Amount Due Schedule], which contained false evidence attached," namely the allegedly false Original Note. (Amend. Compl. ¶ 9) The Certification also allegedly included mortgage insurance premiums stated to be due and owing that were not actually due and owing. (Id. ¶ 14)

On July 21, 2017 Stern & Eisenberg again allegedly attached the allegedly false Original Note to their Motion for Final Judgment in the foreclosure action. (Amend. Compl. ¶ 8)

The Superior Court of New Jersey, Burlington County Chancery Division, entered a Final Judgment of foreclosure on August 11, 2017. (Amend. Compl. ¶ 12 and Ex. I) Lopaz appealed the judgment to the Appellate Division.

On December 7, 2017 Stern & Eisenberg allegedly misrepresented to the New Jersey Appellate Division that: (1) Lopaz had not responded to discovery requests in the foreclosure action; and (2) its "client ha[d] been in possession of the Original Note since September 9, 2014, which is an impossibility." (Amend. Compl. ¶ 10) Similarly, on December 18, 2017, Stern & Eisenberg allegedly misrepresented to the Appellate Division that: (1) Lopaz had not responded to discovery requests in the foreclosure action; and (2) "the

mortgage at issue was not regulated by the Secretary of HUD." (Amend. Compl. ¶ 11)

Lopaz alleges that all of the above "efforts by [Stern & Eisenberg] to collect the debt were false, misleading and fraudulent because they repeatedly made false statements, under penalty of perjury, and attached evidence they knew to be false." (Amend. Compl. ¶ 13) Defendants allegedly "falsely represented that they had a legal right to collect upon the debt and falsely and misleadingly failed to disclose material facts." (Id. ¶ 25) "What makes matters worse," Lopaz asserts, "they did all of this in a *New Jersey State Court*." (Id.; emphasis in the Amended Complaint).

Lopaz asserts that her injuries include the money she spent to file the appeal of the foreclosure judgment, including attorneys fees. (Amend. Compl. ¶ 43). In her brief in opposition to the instant motion, Lopaz elaborates, "Plaintiff has suffered . . . [t]he loss of her home with a tax assessed value of $119,500, the loss of $7500 of hard earned money to file an appeal for wrongful foreclosure, and future damages from moving expenses when the wrongful eviction takes place." (Opposition Brief, p. 6)[2]

---

[2] It would appear that since the filing of Lopaz's opposition brief, Lopaz, indeed, may have been evicted. She has filed a notice with the Court indicating that she has a new address.

4

This lawsuit followed.  Defendants filed the instant Motion to Dismiss, in response to which Lopaz filed an Amended Complaint.  Defendants have elected to rely on the arguments set forth in their original Motion to Dismiss, as they take the position that the Amended Complaint fails to cure the deficiencies identified in the original moving papers.  Lopaz has filed opposition.  Defendants elected not to file a reply brief.

## II.  LEGAL STANDARD

Rule 12(b)(1) motions may challenge subject-matter jurisdiction based upon the complaint's face or its underlying facts.  Pittman v. Metuchen Police Dept., No. 08-2373, 2009 WL 3207854, *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)).  "A facial attack questions the sufficiency of the pleading, and in reviewing a facial attack, a trial court accepts the allegations in the complaint as true."  Id.

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

5

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester Cnty. Intermediate Unit v. Penn. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

**III. ANALYSIS**

Defendants assert several arguments in support of the instant motion. The Court holds that this suit is barred by New Jersey's Entire Controversy Doctrine, and alternatively, this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. Accordingly, the Court does not reach Defendants' remaining arguments that Lopaz's claims are barred by the doctrines of res judicata and collateral estoppel, and that Lopaz fails to state a claim under the NJCFA and the FDCPA.

**A. Entire Controversy Doctrine**

In Shibles v. Bank of America, N.A., the Court of Appeals for the Third Circuit recently explained:

> New Jersey's entire controversy doctrine embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy. We have characterized the doctrine as New Jersey's specific, and idiosyncratic, application of traditional res judicata principles. The doctrine applies in federal courts when there was a previous state-court action involving the same transaction.
> There is no doubt that the entire controversy doctrine applies to foreclosure proceedings, but only to claims that could have been filed in the foreclosure action, that is, only to claims that were germane to the foreclosure proceeding. The New Jersey Superior Court, Appellate Division recently re-affirmed that basic tenant of state law, explaining that a defendant in a foreclosure case may not fail to diligently pursue a germane defense and then pursue a civil case against the lender alleging fraud by foreclosure.

730 F. App'x 103, 106-07 (3d Cir. 2018) (internal citations and quotations omitted).

Here, as in Shibles, Lopaz asserts state law claims sounding in fraud. Here, as in Shibles, such claims are barred by the entire controversy doctrine. 730 F. App'x at 107. Likewise, Lopaz's federal law claim under the FDCPA is also barred by the entire controversy doctrine, as it too could have been brought in the underlying foreclosure action. See Lee v. Ocwen Loan Servicing, LLC, 2018 WL 935426 at *3 (D.N.J. Feb. 15, 2018) (holding that FDCPA claim could have been brought in the underlying foreclosure action and therefore is barred by the entire controversy doctrine); Monclova v Goldberg & Wolf, LLC, 2017 WL 4790386 at *4 (D.N.J. Oct. 23, 2017) (holding that FDCPA claim could have been brought in the underlying foreclosure action and therefore is barred by the entire controversy doctrine); Hua v. PHH Mortgage, et al., 2015 WL 5722610 at *6 (D.N.J. Sept. 29, 2015) (holding that FDCPA claim could have been brought in the underlying foreclosure action and therefore is barred by the entire controversy doctrine); Venner v. Bank of Am., 2009 WL 1416043 at *3 (D.N.J. May 19, 2009) (holding that FDCPA claim could have been brought in the underlying foreclosure action and therefore is barred by the entire

controversy doctrine)[3]; Oliver v. Am. Home Mortg. Servicing, Inc., 2009 WL 4129043 at *1 (D.N.J. Nov. 19, 2009); see also, Patrick v. Am.'s Servicing Co., 2015 WL 1759567 at *3 (D.N.J. Apr. 17, 2015) ("the allegation that Defendants engaged in wrongful debt collection practices in connection with Patrick's mortgage is germane to the foreclosure proceedings and cannot be asserted here.").[4]

Accordingly, the Court holds that all claims asserted in this suit are barred by the entire controversy doctrine.

**B. Rooker-Feldman**

Although this case is analogous to Shibles on the entire controversy issue, it is distinguishable from Shibles on the Rooker-Feldman issue. On the Rooker-Feldman issue, the Court of Appeals in Shibles explained that the Rooker-Feldman doctrine did not apply "because the injuries Shibles alleges-- namely that she was harmed by the Bank's breach of the TMC and by its fraudulent dealings with her-- arise not from the state court foreclosure judgment, but from the Bank's actions." 730 F. App'x at 105.

---

[3] Reversed in part on other grounds by 387 F. App'x 232 (3d Cir. 2010).

[4] See generally, 15 U.S.C. § 1692k(d) (providing for concurrent jurisdiction in state and federal courts for claims under the FDCPA).

9

In this case, Lopaz's alleged injuries directly result from the foreclosure judgment. She alleges that she "has suffered . . . [t]he loss of her home with a tax assessed value of $119,500, the loss of $7500 of hard earned money to file an appeal for wrongful foreclosure, and future damages from moving expenses when the wrongful eviction takes place." (Opposition Brief, p. 6) Thus, Lopaz "'complain[s] of injuries caused by [a] state-court judgment[] rendered before the district court proceedings commenced,'" Shibles, 730 F. App'x at 105, and the Rooker-Feldman doctrine applies to deprive this Court of subject matter jurisdiction.

Accordingly, the Court alternatively holds that it lacks subject matter jurisdiction over this suit.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted. An appropriate Order shall issue on this date.

Dated: November 20, 2018

s/ Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE